IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01619-BNB


THOMAS STOCKS, and
MICHELLE STOCKS,

        Plaintiffs,

v.

HON. ELIZABETH VOLZ,
HON. WILLIAM BLAIR SYLVESTER,
MICHAEL FAYE,
JESS DAN HALLE,
BRIAN CURTIS WILLIAMSON,
JOSHUA AMOS,
JAY WILFORD, and
JAMES O'CONNOR,

        Defendants.

_____

ORDER OF DISMISSAL
_____

        Plaintiffs Thomas and Michelle Stocks reside in Aurora, Colorado.  Plaintiffs,

acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 18 U.S.C.

§ 1513 and 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988.  Plaintiffs also assert state

pendant claims, including common law conspiracy, negligent infliction of emotional

distress, and intentional infliction of emotional distress.  The Court must construe the

Complaint liberally because Plaintiffs are *pro se* litigants.  *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court does not serve as a *pro se* litigant's advocate.  *Hall*, 935 F.2d at

1110.  For the reasons stated below, the Complaint will be dismissed.

Plaintiffs' claims involve a pending state criminal proceeding. Plaintiffs assert they have been charged with possession of marijuana and have undergone several hearings before Defendant Elizabeth Volz, starting September 14, 2012, and continuing to March 29, 2013. Plaintiffs contend their due process and equal protection rights, as well as their right to effective counsel, have been violated during these hearings. Specifically, Plaintiffs assert that counsel failed to (1) protect their First Amendment rights when he opted not to challenge the district attorney's request to sanction Mr. Stocks for distributing fliers for the Fully Informed Jury Association in front of the Arapahoe County Court House; (2) challenge the jurisdiction of the court; (3) enter a plea despite Plaintiffs' opposition; (4) inform Plaintiffs of developments in the case at two different hearings; and (5) secure evidence and the attendance of witnesses who would exonerate Plaintiffs. Plaintiffs further assert that Mrs. Stocks was denied an interpreter and that Mr. Stocks was found competent even though he was heavily medicated. Finally, both Plaintiffs assert they were denied access to necessary documents and evidence. Plaintiffs seek declaratory relief finding their civil rights have been violated, an injunction enjoining Defendants from violating their civil rights, and compensatory and punitive damages.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton (Phelps II)*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention under *Younger* is jurisdictional in nature, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings.  Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit.  Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).  If the three requirements are met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the case.  *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

The first condition is met because Plaintiffs' charges remain pending against them in their state court criminal case.  The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  Nothing in Plaintiffs' Complaint demonstrates that the state criminal proceeding is an inadequate forum for review of Plaintiffs' claims.  Accordingly, the state court proceeding offers Plaintiffs a forum to raise their constitutional challenges and the adjudication of this federal lawsuit would unavoidably invade the state court's ability to decide the same issues.  *See Younger,* 401 U.S. at 43-44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-12 (1987) (noting that *Younger* abstention " 'offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests' ") (quoting *Moore v. Sims*, 442 U.S. 415, 429-30 (1979))).

With respect to the third condition, the State has an important interest in the administration of its judicial system but even a greater interest in the enforcement of its criminal laws. *See Penzoil*, 481 U.S. at 12-13 (citing *Juidice v. Vail*, 430 U.S. 327, 335 (1977).

The three exceptions to *Younger* abstention are: (1) "bad faith or harassment," (2) prosecution under a statute that is "flagrantly and patently" unconstitutional, or (3) other "extraordinary circumstances" involving irreparable injury. *Younger*, 401 U.S. at 46-55. The exceptions to *Younger* provide a "very narrow gate for federal intervention." *Phelps v. Hamilton (Phelps I)*, 59 F.3d 1058, 1064 (10th Cir. 1995) (internal quotation marks omitted).

Plaintiffs, however, "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.' " *Phelps II*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id*. It is Plaintiffs' " 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id*. at 890.

Plaintiffs do not state that the criminal case against them was commenced with

no reasonable hope of success or that there was an improper motivation for the

charges. The only claims they assert address the manner in which the criminal case

has been conducted. Nothing, however, that Plaintiffs assert, as set forth above,

demonstrates harassment or abuse of prosecutorial discretion. Therefore, the Court

finds that *Younger* abstention is appropriate in this action because Plaintiffs fail to allege

facts that indicate they will suffer great and immediate irreparable injury if the Court

does not intervene in the ongoing state court criminal proceedings. If Plaintiffs are

convicted in state court and believe their federal constitutional rights were violated, they

may pursue their claims in federal court by filing an action pursuant to 28 U.S.C.

§ 2254 after they exhaust state remedies.

        In summary, the instant action will be dismissed because the three conditions for

abstention under *Younger* exist and none of Plaintiffs' arguments demonstrate that

there is a basis for an exception to *Younger* abstention.

        The Court further notes that Plaintiffs' Complaint also suffers from other

deficiencies. Defense attorneys, whether court-appointed or privately retained,

performing in the traditional role of attorney for the defendant in a criminal proceeding

are not deemed to act under color of state law; such attorneys represent their client

only, not the state, and cannot be sued in a § 1983 action. *See Polk County v. Dodson*,

454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994).

Therefore, the claims for damages against Michael Faye, Jesse Dan Halle, Brian Curtis

Williamson, and Joshua Amos are subject to dismissal.


        Plaintiffs also may not sue the prosecutors in this action. "[A]cts undertaken by a

5

prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).  Furthermore, absolute prosecutorial immunity encompasses claims that the prosecutor "knowingly used false testimony and suppressed material evidence." *Imbler v. Pachtman*, 424 U.S. 409, 413 (1976).  "Whether the claim involves withholding evidence, failing to correct a misconception or instructing a witness to testify evasively, absolute immunity from civil damages is the rule for prosecutors." *Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1373 n.4 (10th Cir. 1991); *see also Brandley v. Keeshan*, 64 F.3d 196, 201 (5th Cir. 1995) (concluding that absolute prosecutorial immunity extends to claims of witness intimidation and suppression of evidence) (abrogated on other grounds by *Wallace v. Kato*, 549 U.S. 384 (2007)).  Therefore, the claims for damages against Jay Wilford are subject to dismissal.

Finally, judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  It is clear Plaintiffs are suing a state court judge for actions taken in her judicial capacity.  Plaintiffs, therefore, fail to demonstrate or allege that Judge Elizabeth Volz was acting in the clear absence of all jurisdiction and the claims for damages against her are subject to dismissal.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiffs file a notice of appeal they also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice for the lack of jurisdiction.  It is

FURTHER ORDERED that all pending motions are denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __6th__ day of __August__, 2013.

BY THE COURT:

_s/ Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court